# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP ZAWACKI & <br> MEREDITH ZAWACKI, | ) <br> ) <br> ) | |
|       Plaintiffs, | ) <br> ) | |
| vs. | ) <br> ) <br> ) | No.: FILED: MAY 13, 2008 <br> 08 cv 2774   JH <br> JUDGE ZAGEL |
| STAPLETON CORPORATION f/d/b/a <br> STAPLETON FOLDING LADDER CO., <br> a Corporation; TRAVELERS <br> INSURANCE GROUP, INC. f/d/b/a <br> AETNA INSURANCE AGENCY, INC., <br> a Corporation, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | MAGISTRATE JUDGE NOLAN |
|       Defendants. | ) <br> ) | |

## NOTICE OF REMOVAL

TO:    Clerk of the Court             Clerk of the Court
          United States District Court    Circuit Court of Cook County
          Northern District of Illinois     County Department – Law Division
          Eastern Division             Richard J. Daley Center, 50 W. Washington Street
          219 S. Dearborn Street       Chicago, Illinois 60602
          Chicago, Illinois 60604

          Miroballi, Durkin & Rudin, LLC
          Attorney for Plaintiffs
          6 West Hubbard Street, Suite 300
          Chicago, Illinois 60610

Defendant REL-STAPLETON CORPORATION, INC. f/k/a Stapleton Corporation hereby provides its Notice of Removal pursuant to 28 U.S.C.A. § 1441. The grounds for removal are as follows:

      1.    This court has original jurisdiction pursuant to the provisions of 28 U.S.C.A. § 1332 and is one which may be removed to this Court by the petitioner pursuant to the provisions

of 28 U.S.C.A. § 1441 and § 1446 because the matter in controversy exceeds the sum of $75,000 exclusive of costs and interests, and complete diversity exists.

2.    **DIVERSITY OF CITIZENSHIP**

a.    There is complete diversity of citizenship of the parties pursuant to 28 U.S.C.A. § 1332.

b.    At the time plaintiffs filed their state court action and at the time of filing of this notice of removal, the plaintiffs, Phillip Zawacki and Meredith Zawacki, were and are citizens of the State of Illinois.

c.    At the time plaintiffs filed their state court action and at the time of filing of this notice of removal, Defendant REL-Stapleton Corporation, Inc. was and is incorporated in Arkansas and has its principal place of business in Van Buren, Arkansas.

d.    At the time plaintiffs filed their state court action and at the time of filing of this notice of removal, Defendant ING Insurance Services, Inc., according to the Illinois Secretary of State, is a Connecticut corporation, with its principal place of business in Minneapolis, Minnesota.

e.    At the time plaintiffs filed their state court action and at the time of filing of this notice of removal, and based on a telephonic conversation with its claims department, Travelers Insurance Group, Inc. is a Minnesota corporation and has its principal place of business in Minneapolis, Minnesota.  Travelers Insurance Group, Inc., according to the Illinois Secretary of State's Office, was and is not an Illinois corporation.

3.    **CONSENT**

a.    Plaintiffs' amended complaint substitutes Defendant Travelers Insurance Group, Inc. in place of Defendant ING Insurance Services, Inc.

b.      At the time of filing of this Notice of Removal, Defendant Travelers Insurance Group, Inc. has not been served with a summons or complaint.

c.      At the time of filing of this Notice of Removal, Defendant Travelers Insurance Group, Inc. and ING Insurance Services, Inc. have not appeared in the state court action.

d.      Counsel for defendant REL-Stapleton Corporation, Inc. has attempted to contact ING Insurance Services, Inc. to obtain consent to removal but received no response from its legal department.   Travelers Insurance Group, Inc. has not been served in the state court action at the time of filing this removal, and therefore, its consent to removal is not required.

4.      **AMOUNT IN CONTROVERSY**

The amount in controversy also exceeds $75,000 exclusive of costs and interests.  (See affidavit of Joseph P. Switzer, attached hereto and made a part hereof as Exhibit "A").  In their First Amended Complaint, the plaintiffs alleged that:

> [T]he Plaintiff climbed and was standing on the aforesaid Stapleton folding ladder when the ladder collapsed, causing the Plaintiff, PHILLIP ZAWACKI, to fall a distance of at least two (2) stories, thereby sustaining serious and permanent injuries to his person. The plaintiff was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of the time as aforementioned. Further, the Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

The Plaintiff, Meredith Zawacki, has also alleged a loss of consortium claim.

5.      **TIMELINESS**

a.      Defendant REL-Stapleton Corporation, Inc. has filed this Notice of Removal within (30) days of service of the lawsuit.

b.     The plaintiffs filed their Complaint at Law in the Circuit Court of Cook County, Chicago, Illinois, Law Division on March 31, 2008. (See Plaintiffs' Complaint at Law attached as Exhibit "B").

c.     Defendant REL-Stapleton Corporation, Inc. was served on April 14, 2008. (See summons attached as Exhibit "C").

d.     On April 17, 2008, defendant ING Insurance Services, Inc. was served with a summons and plaintiffs' complaint. (See summons attached as Exhibit "D").

e.     On May 1, 2008, the plaintiffs amended the complaint to substitute defendant Travelers Insurance Group, Inc. in place of defendant ING Insurance Services, Inc. (See Plaintiffs' First Amended Complaint at Law attached as Exhibit "E").

f.     This notice of removal was filed within 30 days of service.

g.     No other defendant has appeared, and efforts to reach said parties have, to date, been unsuccessful.

e.     No defendant has objected to this removal at this time.

6.     **STATE COURT FILE ATTACHED**

Pursuant to 28 U.S.C. § 1446(a), plaintiffs summons, Complaint at Law and First Amended Complaint at Law, as well as the entire contents of the state court file are attached to this Notice of Removal and are the sole pleadings in the aforementioned case, thus constituting the entire court file, copy of all process, pleadings and orders served upon the defendant. (See Affidavit of Donald Duvall, attached hereto and made a part hereof as Exhibit "F").

7.    **WRITTEN NOTICE OF FILING**

The defendant has given written notice of the filing of this Notice of Removal to all attorneys of record and the Clerk of the Cook County Circuit Court – Law Division, Chicago, Illinois.

WHEREFORE, the defendant REL-Stapelton Corporation, Inc. seeks to remove this action based on the reasons set forth above.

Respectfully submitted,


By:    s/Louis J. Phillips
       One of the attorneys for the defendant
       REL-Stapleton Corporation, Inc.

Joseph P. Switzer – ARDC#3127727
Louis J. Phillips – ARDC#6279354
Swanson, Martin & Bell, LLP
330 N. Wabash, Ste. 3300
Chicago, Illinois 60611
(312) 321-9100
(312) 321-0990 FAX
jswitzer@smbtrials.com
lphillip@smbtrials.com

## CERTIFICATE OF SERVICE

I, the undersigned non-attorney, certify that I served the foregoing **Notice of Removal** upon the clerks and counsel of record listed below, via regular U.S. Mail, proper postage prepaid, from the offices of Swanson, Martin & Bell, LLP, 330 N. Wabash, Ste. 3300, Chicago, Illinois 60611 on May 13, 2008 before 4:00 p.m.

TO:    Clerk of the Court
United States District Court
Northern District of Illinois
Eastern Division
219 S. Dearborn Street
Chicago, Illinois 60604

Clerk of the Court
Circuit Court of Cook County
County Department – Law Division
Richard J. Daley Center, 50 W. Washington Street
Chicago, Illinois 60602

Miroballi, Durkin & Rudin, LLC
Attorney for Plaintiffs
6 West Hubbard Street, Suite 300
Chicago, Illinois 60610

[X]    Under penalties of perjury, I certify that the statements set forth herein are true and correct.

08 cv 2774
JUDGE ZAGEL
MAGISTRATE JUDGE NOLAN

# EXHIBIT
# A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP ZAWACKI &<br>MEREDITH ZAWACKI, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.: |
| vs. | ) | |
| | ) | |
| STAPLETON CORPORATION f/d/b/a | ) | |
| STAPLETON FOLDING LADDER CO., | ) | |
| a Corporation; TRAVELERS | ) | |
| INSURANCE GROUP, INC. f/d/b/a | ) | |
| AETNA INSURANCE AGENCY, INC., | ) | |
| a Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF ATTORNEY JOSEPH P. SWITZER

I, Joseph P. Switzer, after being sworn and upon oath, state that if I were called to an evidentiary hearing I would competently testify on the basis of first hand knowledge to the following:

1.    I am an attorney for REL-Stapleton Corporation, Inc. f/k/a Stapleton Corporation in the *Zawacki* litigation.

2.    I am knowledgeable about the citizenship and principal place of business of REL-Stapleton Corporation, Inc. at the time plaintiffs filed their state court action and at the time of filing the notice of removal as being an Arkansas corporation with its principal place of business in Van Buren, Arkansas.

3.    In the time I have worked as an attorney in Illinois, I have been involved with numerous negligence and product liability suits involving ladders such as this one.

4.    As a trial attorney for the above defendant REL-Stapleton Corporation, Inc., I have a good faith belief, based on the plaintiffs' allegations set forth in their complaint and my

experience in handling numerous negligence and product liability actions involving ladders, that the parties are in diversity and that the amount in controversy exceeds the jurisdictional amount of $75,000 exclusive of costs and interest and that removal is proper.

FURTHER AFFIANT SAYETH NOT

Joseph P. Switzer, Esq.

Subscribed and sworn to
Before me this _12th_ day
of May, 2008

Notary Public

IRENE DELGADO DOUGLAS
MY COMMISSION EXPIRES
FEBRUARY 2, 2012

2

# EXHIBIT
# B

FIRM NO.: 41994
JJM/LAL – 181-3

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

PHILLIP ZAWACKI &            )
MEREDITH ZAWACKI,            )
                             )
    Plaintiffs,           )
                             )
    v.                    )      Court No.: 08 L 3483
                             )
STAPLETON CORPORATION f/d/b/a )
STAPLETON FOLDING LADDER CO.,)
a Corporation; ING INSURANCE )
SERVICES, INC. f/d/b/a AETNA  )
INSURANCE AGENCY, INC.,       )
a Corporation,               )
                             )
    Defendants.           )

### COMPLAINT AT LAW

NOW COMES the Plaintiff, PHILLIP ZAWACKI, by and through his attorneys, MIROBALLI, DURKIN & RUDIN, LLC, and complaining of the Defendant, STAPLETON CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO., a Corporation, states as follows:

### COUNT I
(Negligence against STAPLETON CORPORATION)

1.    That up until the year 1989, and for a long time prior thereto, the Defendant, STAPLETON CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO. (hereinafter "STAPLETON"), was a corporation engaged in the business of designing, manufacturing, and selling wood folding ladders.

2.    That some time during or prior to the year 1989, the Defendant, STAPLETON, designed, manufactured and placed in the stream of commerce a certain wood folding ladder that

was purchased from said Defendant by ING INSURANCE SERVICES, INC. f/d/b/a AETNA

INSURANCE AGENCY, INC., to be used by its agents, servants, and/or employees, in the City

of Chicago, County of Cook, State of Illinois.

    3.    That during or about the year 1979, and for a period of eight (8) years thereafter,

the Plaintiff, PHILLIP ZAWACKI, was employed by ING INSURANCE SERVICES, INC.

f/d/b/a AETNA INSURANCE AGENCY, INC. as an insurance adjuster, and during the course

of his employment, the Plaintiff was provided and came into contact with the aforementioned

wood folding ladder that was designed, manufactured and sold by the Defendant, STAPLETON.

    4.    That at all relevant times, the Defendant, STAPLETON, owed a duty to exercise

reasonable care in the design, manufacturing, inspection, testing and sale of its folding wood

ladders, and in the warnings and instructions given concerning their use, so that said folding

wood ladders were not unreasonably dangerous when put to use.

    5.    That notwithstanding its duty, at the time the Defendant, STAPLETON, designed,

manufactured and sold the folding wood ladder, the Defendant was careless and negligent in one

or more of the following respects:

    (a)    Failed to properly design the folding wood ladder;

    (b)    Failed to design the folding wood ladder in accordance with the applicable codes, regulations, and specifications governing such ladders;

    (c)    Improperly designed the feet of the ladder in such a way that its user, such as the Plaintiff, is able and likely to climb on the side of the ladder that is not intended to be load-bearing, thereby creating the risk of structural collapse;

    (d)    Failed to manufacture the folding wood ladder in accordance with the applicable codes, regulations, and specifications governing such ladders;

2

(e) Failed to properly manufacture the folding wood ladder in such a way that would prevent a user from setting up the ladder to climb on the side of the ladder that is not intended to be load-bearing, thereby creating the risk of structural collapse;

(f) Failed to place adequate warnings on the Stapleton wood folding ladders that users, such as the Plaintiff, can only safely climb on one side of the ladder, as only one side of the ladder was constructed and/or is intended to be load-bearing to avoid the risk of structural collapse;

(g) Failed to make a reasonable inspection of the Stapleton wood folding ladder when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to its users, such as the Plaintiff;

(h) Failed to discover the defective and/or unsafe condition of the Stapleton wood folding ladders; and/or

(i) Failed to warn of the defective and/or unsafe condition of the Stapleton wood folding ladders.

6. That on November 17, 2007, as a direct and proximate result of one or more of the careless and negligent acts and/or omissions and unreasonably dangerous conditions of the Stapleton wood folding ladder, the Plaintiff climbed and was standing on the aforesaid Stapleton folding ladder when the ladder collapsed, causing the Plaintiff, PHILLIP ZAWACKI, to fall a distance of at least two (2) stories, thereby sustaining serious and permanent injuries to his person. The Plaintiff was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of the time as aforementioned. Further, the Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

3

WHEREFORE the Plaintiff, PHILLIP ZAWACKI, demands judgment against the Defendant, STAPLETON CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO., in a dollar amount to satisfy the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT II
### (Loss of Consortium against STAPLETON CORPORATION

NOW COMES the Plaintiff, MEREDITH ZAWACKI, by and through her attorneys, MIROBALLI, DURKIN & RUDIN, LLC, and complaining of the Defendant, STAPLETON CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO., a Corporation, states as follows:

1. – 6. That the Plaintiff adopts and realleges Paragraphs 1 through 7, inclusive, of COUNT I as Paragraphs 1 through 7, inclusive, of this COUNT II, as if fully restated herein.

7.     That on and for a long time prior to November 17, 2007, up until the present time, the Plaintiff, MEREDITH ZAWACKI was and is now the wife of the Plaintiff, PHILLIP ZAWACKI.

8.     That the Plaintiff, MEREDITH ZAWACKI, suffered and continues to suffer the loss of consortium of her husband, the Plaintiff, PHILLIP ZAWACKI, as a result of the injuries sustained by the Plaintiff, PHILLIP ZAWACKI, on November 17, 2007.

WHEREFORE the Plaintiff, MEREDITH ZAWACKI, demands judgment against the Defendant, STAPLETON CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO., in a dollar amount to satisfy the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT III
### (Negligence against AETNA)

NOW COMES the Plaintiff, PHILLIP ZAWACKI, by and through his attorneys, MIROBALLI, DURKIN & RUDIN, LLC, and complaining of the Defendant, ING INSURANCE SERVICES, INC. f/d/b/a AETNA INSURANCE AGENCY, INC., a Corporation, states as follows:

1.    That on November 17, 2007, and for a long time prior thereto, the Defendant, ING INSURANCE SERVICES, INC. f/d/b/a AETNA INSURANCE AGENCY, INC. (hereinafter "AETNA"), was and currently is a corporation engaged in the insurance business, in the City of Chicago, County of Cook, State of Illinois.

2.    That during or about the year 1979, and for a period of eight (8) years thereafter, the Plaintiff, PHILLIP ZAWACKI, was employed by the Defendant, AETNA, as an insurance adjuster.

3.    That during the aforementioned period of the Plaintiff's employment, the Defendant, AETNA, distributed to the Plaintiff a Stapleton folding wood ladder.

4.    That at all relevant times, the Defendant did not condition the Plaintiff's use of the aforementioned Stapleton folding wood ladder on the Plaintiff's employment, nor was the Plaintiff instructed only to use said Stapleton folding wood ladder during the course of his employment.

5.    That at all relevant times, the Defendant, AETNA, owed a duty to exercise reasonable care in the inspection, maintenance, and distribution of the aforementioned Stapleton

5

folding wood ladder, so that said ladder was not unreasonably dangerous when used by

employees or former employees of the Defendant, AETNA, such as the Plaintiff.

      6.     That notwithstanding its duty, the Defendant, AETNA, by and through its agents,

servants, and employees, was then and there guilty of one or more of the following negligent and

careless acts and/or omissions:

      (a)    Failed to make a reasonable inspection of the Stapleton wood folding ladder when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to its users, such as the Plaintiff;

      (b)    Improperly maintained the Stapleton wood folding ladder prior to distributing said ladders to its employees, despite the Defendant's duty to keep said Stapleton wood folding ladder in a safe condition;

      (c)    Failed to properly maintain, repair, and/or modify the Stapleton wood folding ladder, so that said Stapleton wood folding ladder was in compliance with the applicable codes, regulations, and specifications governing such ladders;

      (d)    Improperly distributed the Stapleton wood folding ladder to its employees, despite the fact that said Stapleton wood folding ladder was not in compliance with the applicable codes, regulations, and specifications governing such ladders;

      (e)    Failed to place adequate warnings on the Stapleton wood folding ladders that users, such as the Plaintiff, can only safely climb on one side of the ladder, as only one side of the ladder was constructed and/or is intended to be load-bearing to avoid the risk of structural collapse;

      (f)    Failed to adequately instruct its employees on the proper use of the Stapleton wood folding ladders prior to distributing said ladders to its employees;

      (g)    Failed to discover the defective and/or unsafe condition of the Stapleton wood folding ladders; and/or

      (h)    Failed to warn of the defective and/or unsafe condition of the Stapleton wood folding ladders.

7.    That on November 17, 2007, as a direct and proximate result of one or more of the careless and negligent acts and/or omissions and unreasonably dangerous conditions of the Stapleton wood folding ladder, which was distributed by the Defendant, AETNA, to the Plaintiff, the Plaintiff climbed and was standing on the aforesaid Stapleton folding ladder when the ladder collapsed, causing the Plaintiff, PHILLIP ZAWACKI, to fall a distance of at least two (2) stories, thereby sustaining serious and permanent injuries to his person. The Plaintiff was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of the time as aforementioned. Further, the Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE the Plaintiff, PHILLIP ZAWACKI, demands judgment against the Defendant, ING INSURANCE SERVICES, INC. f/d/b/a AETNA INSURANCE AGENCY, INC., a Corporation, in a dollar amount to satisfy the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

**COUNT III**
**(Loss of Consortium against AETNA)**

NOW COMES the Plaintiff, MEREDITH ZAWACKI, by and through her attorneys, MIROBALLI, DURKIN & RUDIN, LLC, and complaining of the Defendant, ING INSURANCE SERVICES, INC. f/d/b/a AETNA INSURANCE AGENCY, INC., a Corporation, states as follows:

1. – 6. That the Plaintiff adopts and realleges Paragraphs 1 through 7, inclusive, of COUNT I as Paragraphs 1 through 7, inclusive, of this COUNT II, as if fully restated herein.

7

7.    That on and for a long time prior to November 17, 2007, up until the present time, the Plaintiff, MEREDITH ZAWACKI was and is now the wife of the Plaintiff, PHILLIP ZAWACKI.

8.    That the Plaintiff, MEREDITH ZAWACKI, suffered and continues to suffer the loss of consortium of her husband, the Plaintiff, PHILLIP ZAWACKI, as a result of the injuries sustained by the Plaintiff, PHILLIP ZAWACKI, on November 17, 2007.

WHEREFORE the Plaintiff, MEREDITH ZAWACKI, demands judgment against the Defendant, ING INSURANCE SERVICES, INC. f/d/b/a AETNA INSURANCE AGENCY, INC., in a dollar amount to satisfy the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

Respectfully submitted,

MIROBALLI, DURKIN & RUDIN, LLC

By: _____
One of the attorneys for Plaintiffs

Attorney Firm No.: 41994
Scott H. Rudin, Esq.
Joseph J. Miroballi, Esq.
Lauren Levin, Esq.
MIROBALLI, DURKIN & RUDIN, LLC
6 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 229-5555 - Telephone
(312) 229-5556 - Facsimile

8

FIRM NO.: 41994
JJM/LAL – 181-3

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

PHILLIP ZAWACKI               )
MEREDITH ZAWACKI,         )
                               )
        Plaintiffs,        )
                               )
     v.                      )    Court No.:
                               )
STAPLETON CORPORATION f/d/b/a  )
STAPLETON FOLDING LADDER CO.,  )
a Corporation; ING INSURANCE     )
SERVICES, INC. f/d/b/a AETNA      )
INSURANCE AGENCY, INC.,       )
a Corporation,                )
                               )
        Defendants.      )

## AFFIDAVIT

I, Joseph J. Miroballi, being first duly sworn on oath, deposes and states that if I were called upon to testify, I would do so as follows:

1.     That I am an Attorney At Law licensed to practice in the State of Illinois.

2.     That I am an attorney with the law firm of MIROBALLI DURKIN & RUDIN LLC, attorneys of record for the Plaintiffs, Phillip Zawacki and Meredith Zawacki.

3.     That based upon the information available to me at the present time, the total amount of damages sought in this matter exceeds $50,000.00.

4.     That this Affidavit is submitted in compliance with Supreme Court Rule 222(b).

FURTHER AFFIANT SAYETH NAUGHT

                                             JOSEPH J. MIROBALLI

SUBSCRIBED AND SWORN TO
before me this 27th day of March, 2007.

_____
Notary Public

OFFICIAL SEAL
JESSICA KELLEY
Notary Public - State of Illinois
My Commission Exp.

# EXHIBIT C

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| . HILLIP ZAWACKI & MEREDITH ZAWACKI,    ) | |
|        ) | |
|     Plaintiff,      ) | |
|        ) | |
|        ) | |
|   v.      ) | |

**SHERIFF, PLEASE SERVE THE FOLLOWING:**
**STAPLETON CORPORATION**
**Robert Lensing, Registered Agent**
~~3000 Bryan Road~~
**Van Buren, Arkansas 72956**
*New address*
*517 South 28th* VB

STAPLETON CORPORATION f/d/b/a )
STAPLETON FOLDERING LADDER CO., )
a Corporation; ING INSURANCE )
SERVICES, INC., f/b/d/a AETNA )
INSURANCE AGENCY, INC., )
a Corporation, )
          Defendant. )

*000754*

## SUMMONS

**To each Defendant:**

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service.

    IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

    This summons must be returned by the officer or other person to whom it was given for service with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

MAR 3 1 2008

WITNESS,_____, 2008

_____
**Clerk of Court**

Date of Service: 4-14-08 *1043 am*

*(To be inserted by officer on copy left with defendant or other person)*

*by* [signature]

*To Robert Lensing*
*@ 517 S. 28th* VB

| | |
|---|---|
| **Attorney No.:** | 41994 |
| **Name:** | MIROBALLI, DURKIN & RUDIN, LLC |
| **Atty for:** | Plaintiff, Karen Cobbing-Loft |
| **Address:** | 6 W. Hubbard Street, Suite 300 |
| **City/State/Zip:** | Chicago, Illinois 60610 |
| **Telephone:** | (312) 229-5555 |

**Service by Facsimile Transmission will be accepted at:** _____

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

REC # *007003*

CK# *2577*

# EXHIBIT
# D

TYPE LAW          SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS          DISTRICT 010

SHERIFF'S NUMBER 034463-001P CASE NUMBER 08L003483:  DEPUTY:  **STROM 3696-**

FILED DT 03-31-2008 RECEIVED DT 03-31-2008 DIE DT 04-25-2008 MULTIPLE SERVICE  1
DEFENDANT                                    ATTORNEY
ING INSURANCE SERVICES, INC.                 MIROBALLI, DURKIN & RUDIN, LLC
208 S LA SALLE ST                            X
CHICAGO IL 60604                             X XX. 00000
SUITE 814
PLAINTIFF PHILLIP ZAWACKI

SERVICE INFORMATION: CF  C/O CT CORP SYSTEM, R/A

******************************************************************************

**(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:**

.....1 PERSONAL SERVICE: BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE: BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
              DAY OF          20   , IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME
.....3 SERVICE ON:  CORPORATION ✓ COMPANY  BUSINESS  PARTNERSHIP
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT.
.....4 CERTIFIED MAIL

**(B)  THOMAS J. DART, SHERIFF, BY:** _____, DEPUTY **3696-**

   1 SEX  M/F   RACE H   AGE 34
   2 NAME OF DEFENDANT ING INSURANCE SERVICES, INC.
        WRIT SERVED ON _____
     THIS 17 DAY OF APR, 20 08 TIME 10.00 A.M./P.M.

   ADDITIONAL REMARKS _____

******************************************************************************

THE NAMED DEFENDANT WAS NOT SERVED

TYPE OF BLDG _____                   ATTEMPTED SERVICES

NEIGHBORS NAME _____        DATE        TIME A.M./P.M.

      ADDRESS _____         ____  __:__ ____

      REASON NOT SERVED:
                07 EMPLOYER REFUSAL   ____  __:__ ____
   01 MOVED      08 RETURNED BY ATTY  ____  __:__ ____
   02 NO CONTACT 09 DECEASED
   03 EMPTY LOT  10 BLDG DEMOLISHED   ____  __:__ ____
   04 NOT LISTED 11 NO REGISTERED AGT.
   05 WRONG ADDRESS 12 OTHER REASONS  ____  __:__ ____
   06 NO SUCH ADDRESS 13 OUT OF COUNTY
                                      ____  __:__ ____

FEE   .00  MILEAGE   .00  TOTAL   .00                    SG84

# EXHIBIT
# E

OF

FIRM NO.: 41994
JJM/LAL – 181-3

FILED-3

2008 MAY -1 PM 3:02

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

CLERK OF CIRCUIT COURT
LAW DIVISION

PHILLIP ZAWACKI &              )
MEREDITH ZAWACKI,              )
                               )
        Plaintiffs,            )
                               )
    v.                         )        Court No.:  08-L-3483
                               )
                               )        30 11
STAPLETON CORPORATION f/d/b/a  )
STAPLETON FOLDING LADDER CO.,  )
a Corporation; TRAVELERS       )
INSURANCE GROUP, INC. f/d/b/a  )
AETNA INSURANCE AGENCY,INC.,   )
a Corporation,                 )
                               )
        Defendants.            )

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, PHILLIP ZAWACKI, by and through his attorneys,

MIROBALLI, DURKIN & RUDIN, LLC, and complaining of the Defendant, STAPLETON

CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO., a Corporation, states as

follows:

### COUNT I
### (Negligence against STAPLETON CORPORATION)

1.    That up until the year 1989, and for a long time prior thereto, the Defendant,

STAPLETON CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO. (hereinafter

"STAPLETON"), was a corporation engaged in the business of designing, manufacturing, and

selling wood folding ladders.

2.    That some time during or prior to the year 1989, the Defendant, STAPLETON,

designed, manufactured and placed in the stream of commerce a certain wood folding ladder that



was purchased from said Defendant by THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a

AETNA LIFE AND CASUALTY, to be used by its agents, servants, and/or employees, in the

City of Chicago, County of Cook, State of Illinois.

3.    That during or about the year 1979, and for a period of eight (8) years thereafter,

the Plaintiff, PHILLIP ZAWACKI, was employed by THE TRAVELERS INSURANCE

GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY as an insurance adjuster, and during the

course of his employment, the Plaintiff was provided and came into contact with the

aforementioned wood folding ladder that was designed, manufactured and sold by the Defendant,

STAPLETON.

4.    That at all relevant times, the Defendant, STAPLETON, owed a duty to exercise

reasonable care in the design, manufacturing, inspection, testing and sale of its folding wood

ladders, and in the warnings and instructions given concerning their use, so that said folding

wood ladders were not unreasonably dangerous when put to use.

5.    That notwithstanding its duty, at the time the Defendant, STAPLETON, designed,

manufactured and sold the folding wood ladder, the Defendant was careless and negligent in one

or more of the following respects:

    (a)    Failed to properly design the folding wood ladder;

    (b)    Failed to design the folding wood ladder in accordance with the
        applicable codes, regulations, and specifications governing such
        ladders;

    (c)    Improperly designed the feet of the ladder in such a way that its
        user, such as the Plaintiff, is able and likely to climb on the side
        of the ladder that is not intended to be load-bearing, thereby
        creating the risk of structural collapse;

    (d)    Failed to manufacture the folding wood ladder in accordance with
        the applicable codes, regulations, and specifications governing
        such ladders;

2

    (e)    Failed to properly manufacture the folding wood ladder in such a way that would prevent a user from setting up the ladder to climb on the side of the ladder that is not intended to be load-bearing, thereby creating the risk of structural collapse;

    (f)    Failed to place adequate warnings on the Stapleton wood folding ladders that users, such as the Plaintiff, can only safely climb on one side of the ladder, as only one side of the ladder was constructed and/or is intended to be load-bearing to avoid the risk of structural collapse;

    (g)    Failed to make a reasonable inspection of the Stapleton wood folding ladder when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to its users, such as the Plaintiff;

    (h)    Failed to discover the defective and/or unsafe condition of the Stapleton wood folding ladders; and/or

    (i)    Failed to warn of the defective and/or unsafe condition of the Stapleton wood folding ladders.

6.    That on November 17, 2007, as a direct and proximate result of one or more of the careless and negligent acts and/or omissions and unreasonably dangerous conditions of the Stapleton wood folding ladder, the Plaintiff climbed and was standing on the aforesaid Stapleton folding ladder when the ladder collapsed, causing the Plaintiff, PHILLIP ZAWACKI, to fall a distance of at least two (2) stories, thereby sustaining serious and permanent injuries to his person. The Plaintiff was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of the time as aforementioned. Further, the Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

3

WHEREFORE the Plaintiff, PHILLIP ZAWACKI, demands judgment against the Defendant, STAPLETON CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO., in a dollar amount to satisfy the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT II
### (Loss of Consortium against STAPLETON CORPORATION

NOW COMES the Plaintiff, MEREDITH ZAWACKI, by and through her attorneys, MIROBALLI, DURKIN & RUDIN, LLC, and complaining of the Defendant, STAPLETON CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO., a Corporation, states as follows:

1. – 6. That the Plaintiff adopts and realleges Paragraphs 1 through 7, inclusive, of COUNT I as Paragraphs 1 through 7, inclusive, of this COUNT II, as if fully restated herein.

7.　　That on and for a long time prior to November 17, 2007, up until the present time, the Plaintiff, MEREDITH ZAWACKI was and is now the wife of the Plaintiff, PHILLIP ZAWACKI.

8.　　That the Plaintiff, MEREDITH ZAWACKI, suffered and continues to suffer the loss of consortium of her husband, the Plaintiff, PHILLIP ZAWACKI, as a result of the injuries sustained by the Plaintiff, PHILLIP ZAWACKI, on November 17, 2007.

WHEREFORE the Plaintiff, MEREDITH ZAWACKI, demands judgment against the Defendant, STAPLETON CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO., in a dollar amount to satisfy the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

4

## COUNT III
### (Negligence against AETNA)

NOW COMES the Plaintiff, PHILLIP ZAWACKI, by and through his attorneys, MIROBALLI, DURKIN & RUDIN, LLC, and complaining of the Defendant, THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY, a Corporation, states as follows:

1.      That on November 17, 2007, and for a long time prior thereto, the Defendant, THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY (hereinafter "AETNA"), was and currently is a corporation engaged in the insurance business, in the City of Chicago, County of Cook, State of Illinois.

2.      That during or about the year 1979, and for a period of eight (8) years thereafter, the Plaintiff, PHILLIP ZAWACKI, was employed by the Defendant, AETNA, as an insurance adjuster.

3.      That during the aforementioned period of the Plaintiff's employment, the Defendant, AETNA, distributed to the Plaintiff a Stapleton folding wood ladder.

4.      That at all relevant times, the Defendant did not condition the Plaintiff's use of the aforementioned Stapleton folding wood ladder on the Plaintiff's employment, nor was the Plaintiff instructed only to use said Stapleton folding wood ladder during the course of his employment.

5.      That at all relevant times, the Defendant, AETNA, owed a duty to exercise reasonable care in the inspection, maintenance, and distribution of the aforementioned Stapleton

5

folding wood ladder, so that said ladder was not unreasonably dangerous when used by employees or former employees of the Defendant, AETNA, such as the Plaintiff.

6.    That notwithstanding its duty, the Defendant, AETNA, by and through its agents, servants, and employees, was then and there guilty of one or more of the following negligent and careless acts and/or omissions:

(a)    Failed to make a reasonable inspection of the Stapleton wood folding ladder when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to its users, such as the Plaintiff;

(b)    Improperly maintained the Stapleton wood folding ladder prior to distributing said ladders to its employees, despite the Defendant's duty to keep said Stapleton wood folding ladder in a safe condition;

(c)    Failed to properly maintain, repair, and/or modify the Stapleton wood folding ladder, so that said Stapleton wood folding ladder was in compliance with the applicable codes, regulations, and specifications governing such ladders;

(d)    Improperly distributed the Stapleton wood folding ladder to its employees, despite the fact that said Stapleton wood folding ladder was not in compliance with the applicable codes, regulations, and specifications governing such ladders;

(e)    Failed to place adequate warnings on the Stapleton wood folding ladders that users, such as the Plaintiff, can only safely climb on one side of the ladder, as only one side of the ladder was constructed and/or is intended to be load-bearing to avoid the risk of structural collapse;

(f)    Failed to adequately instruct its employees on the proper use of the Stapleton wood folding ladders prior to distributing said ladders to its employees;

(g)    Failed to discover the defective and/or unsafe condition of the Stapleton wood folding ladders; and/or

(h)    Failed to warn of the defective and/or unsafe condition of the Stapleton wood folding ladders.

6

7.      That on November 17, 2007, as a direct and proximate result of one or more of the careless and negligent acts and/or omissions and unreasonably dangerous conditions of the Stapleton wood folding ladder, which was distributed by the Defendant, AETNA, to the Plaintiff, the Plaintiff climbed and was standing on the aforesaid Stapleton folding ladder when the ladder collapsed, causing the Plaintiff, PHILLIP ZAWACKI, to fall a distance of at least two (2) stories, thereby sustaining serious and permanent injuries to his person. The Plaintiff was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of the time as aforementioned. Further, the Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE the Plaintiff, PHILLIP ZAWACKI, demands judgment against the Defendant, THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY, a Corporation, in a dollar amount to satisfy the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT III
### (Loss of Consortium against AETNA)

NOW COMES the Plaintiff, MEREDITH ZAWACKI, by and through her attorneys, MIROBALLI, DURKIN & RUDIN, LLC, and complaining of the Defendant, THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY, a Corporation, states as follows:

1. – 6. That the Plaintiff adopts and realleges Paragraphs 1 through 7, inclusive, of COUNT I as Paragraphs 1 through 7, inclusive, of this COUNT II, as if fully restated herein.

7

7.     That on and for a long time prior to November 17, 2007, up until the present time, the Plaintiff, MEREDITH ZAWACKI was and is now the wife of the Plaintiff, PHILLIP ZAWACKI.

8.     That the Plaintiff, MEREDITH ZAWACKI, suffered and continues to suffer the loss of consortium of her husband, the Plaintiff, PHILLIP ZAWACKI, as a result of the injuries sustained by the Plaintiff, PHILLIP ZAWACKI, on November 17, 2007.

WHEREFORE the Plaintiff, MEREDITH ZAWACKI, demands judgment against the Defendant, THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY, in a dollar amount to satisfy the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

Respectfully submitted,

MIROBALLI, DURKIN & RUDIN, LLC

By:   _____
One of the attorneys for Plaintiffs

Attorney Firm No.: 41994
Scott H. Rudin, Esq.
Joseph J. Miroballi, Esq.
Lauren Levin, Esq.
MIROBALLI, DURKIN & RUDIN, LLC
6 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 229-5555 - Telephone
(312) 229-5556 - Facsimile

8

# EXHIBIT
# F

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP ZAWACKI & <br> MEREDITH ZAWACKI, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) <br> ) | No.: |
| vs. | ) <br> ) | |
| STAPLETON CORPORATION f/d/b/a <br> STAPLETON FOLDING LADDER CO., <br> a Corporation; TRAVELERS <br> INSURANCE GROUP, INC. f/d/b/a <br> AETNA INSURANCE AGENCY, INC., <br> a Corporation, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

## AFFIDAVIT OF DONALD DUVALL

I, Donald Duvall, after being sworn and upon oath, state that if I were called to an evidentiary hearing I would competently testify on the basis of first hand knowledge to the following:

1.      I am an employee of Swanson, Martin & Bell, LLP and manage the court filings and docketing of case files.

2.      On May 13, 2008, I reviewed the state court file at the Daley Center and made a complete photocopy of all of its contents, which court file is attached hereto and made part of the Notice of Removal as Exhibit E.

3.      I am knowledgeable about the contents of the state court file and, as of May 13, 2008, the state court file does not contain any proof of service on Travelers Insurance Group, Inc. nor does it contain an appearance filed on behalf of ING Insurance Services, Inc. or Travelers Insurance Group, Inc.

FURTHER AFFIANT SAYETH NOT

_____
Donald Duvall

Subscribed and sworn to
Before me this 13th day
of May, 2008

_____
Notary Public

Official Seal
Pamela Canington
Notary Public State of Illinois
My Commission Expires 01/05/2011

FIRM NO.: 41994
JJM/LAL – 181-3

FILED B - 7

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

PHILLIP ZAWACKI         )
MEREDITH ZAWACKI,      )
                        )
       Plaintiffs,     )
                        )
       v.                 )     Court No.:   08L 3483
                        )
STAPLETON CORPORATION f/d/b/a   )
STAPLETON FOLDING LADDER CO.,   )
a Corporation; ING INSURANCE     )
SERVICES, INC. f/d/b/a AETNA      )
INSURANCE AGENCY, INC.,       )
a Corporation,               )
                        )
       Defendants.    )

## NOTICE OF FILING

        PLEASE TAKE NOTICE, that on April 22, 2008, the undersigned filed an Rice County Sheriff's Proof of Service of Stapleton Corporation, Robert Lensing, Registered Agent, with the Clerk of the Circuit Court of Cook County, Illinois, a copy of which is attached hereto, and made a part of the record.

                             By: _____
                                   One of the attorneys for Plaintiff

Attorney Firm No.: 41994
Albert E. Durkin, Esq.
MIROBALLI, DURKIN & RUDIN, LLC
6 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 229-5555 - Telephone
(312) 229-5556 - Facsimile

## CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to ¶1-109 of the Illinois Code of Civil Procedure, the undersigned, Vicki J. Boettger, a non-attorney, certifies that a copy of the <u>Rice County Sheriff's Proof of Service of Stapleton Corporation, Robert Lensing, Registered Agent</u> and <u>Notice of Filing</u>, were mailed to the attorneys whose names appear on the foregoing notice at their respective addresses (See attached Service List), by depositing same in the U.S. mail, located at 6 West Hubbard Street, Chicago, Illinois, at or before 5:00 p.m. on this 21st day of April, 2008.

By: _____
Vicki J. Boettger, Legal Assistant

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

PHILLIP ZAWACKI & MEREDITH ZAWACKI, )
                                    )
           Plaintiff,        )
                                      )
      v.                        )
                                      )
STAPLETON CORPORATION f/d/b/a     )
STAPLETON FOLDERING LADDER CO.,  )
a Corporation; ING INSURANCE      )
SERVICES, INC., f/b/d/a AETNA       )
INSURANCE AGENCY, INC.,         )
a Corporation,                     )
           Defendant.      )

**SHERIFF, PLEASE SERVE THE FOLLOWING:**
**STAPLETON CORPORATION**
**Robert Lensing, Registered Agent**
~~3000 Bryan Road~~
**Van Buren, Arkansas 72956**
*New address*
*517 South 28th VB*

000754

### SUMMONS

**To each Defendant:**

    YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service.

    IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

    This summons must be returned by the officer or other person to whom it was given for service with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

                                     MAR 31 2008

                    WITNESS,_____, 2008

_____
Clerk of Court

Date of Service: 4-14-08_____ BROWN
*1043 am*
*(To be inserted by officer on copy left with*
*defendant or other person)*
*by [signature]*
*To Robert Lensing*
*@ 517 S. 28th VB*

RECEIVED APR -7 AM 10:09
CRAWFORD COUNTY SHERIFF
VAN BUREN, ARKANSAS

Attorney No.:    41994
Name:         MIROBALLI, DURKIN & RUDIN, LLC
Atty for:      Plaintiff, Karen Cobbing-Loft
Address:     6 W. Hubbard Street, Suite 300
City/State/Zip: Chicago, Illinois 60610
Telephone:   (312) 229-5555
Service by Facsimile Transmission will be accepted at: _____
                                 (Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
REC # _007003_
CK# _2577_

*(File No.:00181-3/JJM/SHR/lpc*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| PHILLIP ZAWACKI & <br> MEREDITH ZAWACKI, | ) <br> ) <br> ) | *3303* |
| Plaintiffs, | ) <br> ) <br> ) | |
| v. | ) <br> ) <br> ) | Court No.: 08-L-3483 |
| STAPLETON CORPORATION f/d/b/a <br> STAPLETON FOLDING LADDER CO., <br> a Corporation; ING INSURANCE <br> SERVICES, INC. f/d/b/a AETNA <br> INSURANCE AGENCY, INC., <br> a Corporation, | ) <br> ) <br> ) <br> ) <br> ) <br> ) | **FILED** <br> Law Div. - 2206 <br> APR 3 0 2008 MT <br> DOROTHY BROWN <br> CLERK OF THE CIRCUIT COURT <br> OF COOK COUNTY |
| Defendants. | ) <br> ) | |

### NOTICE OF ROUTINE MOTION

TO:    *(no defendants have appeared and/or answered at this time)*

On __Wednesday 4/30__, 2008 at 8:45 a.m., or as soon thereafter as counsel may be heard, I shall appear before the <u>Honorable Judge Ronald Davis</u>, or any Judge sitting in his stead, in <u>Room 2206</u> of the Richard J. Daley Center, 50 W. Washington Street, Chicago, Illinois, 60602, and shall then and there present <u>Plaintiffs Motion to File Their First Amended Complaint at Law,</u> <u>*Instanter*</u>.

*Lauren Levin*
_____
One of Attorneys for Plaintiff

Attorney No.: 41994
Joseph J. Miroballi, Esq.
Scott H. Rudin, Esq.
Lauren Levin, Esq.
**MIROBALLI, DURKIN & RUDIN, LLC**
6 W. Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 229-5555 - Telephone
(312) 229-5556 - Facsimile

*File No.:00181-3/JJM/SHR/adg*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| PHILLIP ZAWACKI & <br> MEREDITH ZAWACKI, | ) <br> ) <br> ) | **3390** <br> **3004** |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Court No.: 08-L-3483 |
| STAPLETON CORPORATION f/d/b/a <br> STAPLETON FOLDING LADDER CO., <br> a Corporation; ING INSURANCE <br> SERVICES, INC. f/d/b/a AETNA <br> INSURANCE AGENCY, INC., <br> a Corporation, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

FILED
Law Div. - 2206
APR 3 0 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

## PLAINTIFFS MOTION TO FILE THEIR
## FIRST AMENDED COMPLAINT AT LAW, *INSTANTER*

NOW COMES the Plaintiffs, PHILLIP ZAWACKI and MEREDITH ZAWACKI, by and through their attorneys, MIROBALLI, DURKIN & RUDIN, LLC, and moves this Honorable Court to File Plaintiff's First Amended Complaint At Law, in order to name TRAVELERS INSURANCE GROUP as a Defendant, *instanter*. In support thereof, the movant states as follows:

1.     The instant motion relates to Plaintiff's claim against the above-captioned Defendants for injuries suffered by the Plaintiff, Phillip Zawacki, on November 17, 2007, when he was caused to fall from a ladder a distance of at least two stories, and thereby sustaining severe injuries.

2.     The instant motion also relates to Plaintiffs claim against the above-captioned Defendants for loss of consortium suffered by the Plaintiff, Meredith Zawacki, as a result of the injuries suffered by Plaintiff Phillip Zawacki on November 17, 2007, when he was caused to fall from a ladder a distance of at least two stories, and thereby sustaining severe injuries.

3.     That the statute of limitations in this matter does not run until November 17, 2009.

4.    That Plaintiffs original complaint contained a misnomer, naming ING INSURANCE SERVICES as the successor in interest for AETNA INSURANCE AGENCY, INC. The actual successor in interest was TRAVELERS INSURANCE GROUP.

WHEREFORE, the Plaintiffs, PHILLIP ZAWACKI and MEREDITH ZAWACKI, respectfully request this Honorable Court for an Order for leave to file a First Amended Complaint naming TRAVELERS INSURANCE GROUP as a Defendant in this cause of action, *instanter*.

Respectfully submitted,

MIROBALLI, DURKIN & RUDIN, LLC

By: _____
        One of the attorneys for Plaintiff

Attorney Firm No.: 41994
Joseph J. Miroballi, Esq.
Scott H. Rudin, Esq.
MIROBALLI, DURKIN & RUDIN, LLC
6 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 229-5555 - Telephone
(312) 229-5556 - Facsimile



*Dorothy Brown*

# Clerk *of the*
# Circuit Court
## Cook County

Case Information Summary for Case Number
2008-L-003483

Filing Date: 3/31/2008
Division: Law Division
Ad Damnum: $50000.00

Case Type: OTHER PERSONAL INJURY
District: First Municipal
Calendar: C

## Party Information

### Plaintiff(s)

ZAWACKI PHILLIP

### Attorney(s)

MIROBALLI DURKIN RUDIN

6 WEST HUBBARD#300

CHICAGO IL, 60610

(312) 229-5555

ZAWACKI MEREDITH

**Date of Service**

### Defendant(s)

AETNA INSURANCE AGENCY

ING INSURANCE SERVICES

STAPLETON CORPORATION

STAPLETON FOLDING LADDE

TRAVELERS INSURANCE GROUP

**Attorney(s)**

## Case Activity

Activity Date: 3/31/2008                    Participant: ZAWACKI PHILLIP

OTHER PERSONAL INJURY COMPLAINT FILED

Court Fee: 319.00                    Attorney: MIROBALLI DURKIN RUDIN
Judgment Amount: 50000.00


Activity Date: 4/10/2008                    Participant: ZAWACKI PHILLIP

CASE MANAGEMENT CALL NOTICE MAILED

Date: 7/22/2008
Court Time: 0930


Activity Date: 4/21/2008                    Participant: ING INSURANCE SERVICES

SUMMONS SERVED - CORPORATION/COMPANY/BUSINESS

Date: 4/17/2008
Court Fee: 60.00


Activity Date: 4/22/2008                    Participant: STAPLETON CORPORATION

SUMMONS SERVED - CORPORATION/COMPANY/BUSINESS

Date: 4/14/2008


Activity Date: 4/22/2008                    Participant: ZAWACKI PHILLIP

CERTIFICATE OF MAILING FILED

Attorney: MIROBALLI DURKIN RUDIN


Activity Date: 4/22/2008                    Participant: ZAWACKI PHILLIP

NOTICE OF FILING FILED

Attorney: MIROBALLI DURKIN RUDIN


Activity Date: 4/30/2008                    Participant: ZAWACKI PHILLIP

EXHIBITS FILED

Attorney: MIROBALLI DURKIN RUDIN


Activity Date: 4/30/2008                    Participant: ZAWACKI PHILLIP

NOTICE OF MOTION FILED

Date: 4/30/2008                    Attorney: MIROBALLI DURKIN RUDIN
Court Time: 0845

Activity Date: 4/30/2008      Participant: ZAWACKI PHILLIP

MOTION FILED

Attorney: MIROBALLI DURKIN RUDIN

Activity Date: 4/30/2008      Participant: TRAVELERS INS GRP

ADD AN ADDITIONAL DEFENDANT - ALLOWED -

Date: 4/30/2008      Judge: DAVIS, RONALD S.

Activity Date: 4/30/2008      Participant: TRAVELERS INS GRP

SUBSTITUTE PARTY - ALLOWED -

Date: 4/30/2008      Judge: DAVIS, RONALD S.

Activity Date: 4/30/2008      Participant: ZAWACKI PHILLIP

AMEND COMPLAINT OR PETITION - ALLOWED -

Date: 4/30/2008      Judge: DAVIS, RONALD S.

Activity Date: 4/30/2008      Participant: ZAWACKI MEREDITH

AMEND COMPLAINT OR PETITION - ALLOWED -

Date: 4/30/2008      Judge: DAVIS, RONALD S.

Activity Date: 5/1/2008      Participant: ZAWACKI PHILLIP

CERTIFICATE OF MAILING FILED

Attorney: MIROBALLI DURKIN RUDIN

Activity Date: 5/1/2008      Participant: ZAWACKI MEREDITH

CERTIFICATE OF MAILING FILED

Attorney: MIROBALLI DURKIN RUDIN

Activity Date: 5/1/2008      Participant: ZAWACKI PHILLIP

AMENDED COMPLAINT FILED

Attorney: MIROBALLI DURKIN RUDIN

Activity Date: 5/1/2008      Participant: ZAWACKI PHILLIP

NOTICE OF FILING FILED

Attorney: MIROBALLI DURKIN RUDIN

Activity Date: 5/1/2008                              Participant: ZAWACKI MEREDITH

                                    NOTICE OF FILING FILED

                                              Attorney: MIROBALLI DURKIN RUDIN

---

Please note: Neither the Circuit Court of Cook County nor the Clerk of the Circuit Court of Cook County warrants the accuracy, completeness, or the currency of this data. This data is not an official record of the Court or the Clerk and may not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data in our master database.

Return to Search Page

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

PHILLIP ZAWACKI & MEREDITH ZAWACKI,　　)

　　　　Plaintiff,　　　　　　　　　　　　　　　)

v.　　　　　　　　　　　　　　　　　　　　　)

STAPLETON CORPORATION f/d/b/a　　　　)
STAPLETON FOLDERING LADDER CO.,　　)
a Corporation; ING INSURANCE　　　　　)
SERVICES, INC., f/b/d/a AETNA　　　　　)
INSURANCE AGENCY, INC.,　　　　　　　)
a Corporation,　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　　　)

**SHERIFF, PLEASE SERVE THE FOLLOWING:**
**CT CORPORATION SYSTEM,**
**As Registered Agent of Ing Insurance Services, Inc.**
208 South LaSalle Street, Suite 814,
Chicago, IL 60604

```
00079-1.6.1 03/31/08 10:42
REF CASE    # 08L 003483
      1 LAW                    50.00
      1 MILEAGE                10.00
REF SHERIFF # 034463
CASE TOTAL                     60.00 #
                     TOTAL     60.00 TL
CHECK I
CASHIER: MARYANN               60.00
```

### SUMMONS

**To each Defendant:**

　　　　YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**To the officer:**

　　　　This summons must be returned by the officer or other person to whom it was given for service with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS,　　　　MAR 31 2008　　　　2008

　　　　　　　　　　　　Clerk of Court

Date of Service: _____, 2008
*(To be inserted by officer on copy left with defendant or other person)*

| | |
|---|---|
| Attorney No.: | 41994 |
| Name: | MIROBALLI, DURKIN & RUDIN, LLC |
| Atty for: | Plaintiff, Karen Cobbing-Loft |
| Address: | 6 W. Hubbard Street, Suite 300 |
| City/State/Zip: | Chicago, Illinois 60610 |
| Telephone: | (312) 229-5555 |

Service by Facsimile Transmission will be accepted at: _____

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

TYPE LAW          SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS       DISTRICT 010

SHERIFF'S NUMBER 034463-001P CASE NUMBER 08L003483   DEPUTY:   **STROM 3696-**

FILED DT 03-31-2008 RECEIVED DT 03-31-2008 DIE DT 04-25-2008 MULTIPLE SERVICE   1
  DEFENDANT                                      ATTORNEY
ING INSURANCE SERVICES, INC.                    HIROBALLI, DURKIN & RUDIN, LLC
208 S LA SALLE ST                               X
CHICAGO IL 60604                                X XX. 00000
SUITE 814
PLAINTIFF PHILLIP ZAWACKI

SERVICE INFORMATION: CF   C/O CT CORP SYSTEM, R/A

**************************************************************************************
(A)  I CERTIFY THAT I SERVED THIS SUMMONS ON THE DEFENDANT AS FOLLOWS:

.....1 PERSONAL SERVICE: BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT WITH THE
       NAMED DEFENDANT PERSONALLY.
.....2 SUBSTITUTE SERVICE: BY LEAVING A COPY OF THE SUMMONS AND A COPY OF THE COMPLAINT
       AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH SOME PERSON OF THE FAMILY OR A PERSON
       RESIDING THERE, OF THE AGE OF 13 YEARS OR UPWARDS, AND INFORMING THAT PERSON OF
       THE CONTENTS THEREOF. ALSO, A COPY OF THE SUMMONS WAS MAILED ON THE
           DAY OF _____ 20  , IN A SEALED ENVELOPE WITH POSTAGE FULLY
       PREPAID, ADDRESSED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE.
       SAID PARTY REFUSED NAME
.....3 SERVICE ON: CORPORATION  COMPANY  BUSINESS  PARTNERSHIP
       BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT (OR INTERROGATORIES) WITH THE
       REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT.
.....4 CERTIFIED MAIL

(B)  THOMAS J. DART, SHERIFF, BY: _____ , DEPUTY  **3696-**

   1 SEX  M/F   RACE H  AGE 34
   2 NAME OF DEFENDANT ING INSURANCE SERVICES, INC.
       WRIT SERVED ON  T. VINA
     THIS 17 DAY OF APR, 20 08 TIME 10:00 A.M. P.M.

   ADDITIONAL REMARKS _____

**************************************************************************************
THE NAMED DEFENDANT WAS NOT SERVED

TYPE OF BLDG _____                      ATTEMPTED SERVICES

NEIGHBORS NAME _____            DATE      TIME A.M./P.M.

     ADDRESS _____             ____  :__  ____

     REASON NOT SERVED:
                    07 EMPLOYER REFUSAL    ____  :__  ____
  01 MOVED          08 RETURNED BY ATTY    ____  :__  ____
  02 NO CONTACT     09 DECEASED            ____  :__  ____
  03 EMPTY LOT      10 BLDG DEMOLISHED     ____  :__  ____
  04 NOT LISTED     11 NO REGISTERED AGT.  ____  :__  ____
  05 WRONG ADDRESS  12 OTHER REASONS       ____  :__  ____
  06 NO SUCH ADDRESS 13 OUT OF COUNTY      ____  :__  ____

FEE  .00  MILEAGE  .00  TOTAL  .00              SG84

FILED-3

2008 MAY -1 PM 3:02

CLERK OF CIRCUIT COURT
LAW DIVISION

FIRM NO.: 41994
JJM/LAL - 181-3

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

PHILLIP ZAWACKI &        )
MEREDITH ZAWACKI,        )
                         )
        Plaintiffs,      )
                         )
    v.                   )        Court No.:  08-L-3483
                         )
                         )        30 11
STAPLETON CORPORATION f/d/b/a    )
STAPLETON FOLDING LADDER CO.,    )
a Corporation; TRAVELERS         )
INSURANCE GROUP, INC. f/d/b/a    )
AETNA INSURANCE AGENCY,INC.,     )
a Corporation,                   )
                         )
        Defendants.      )

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, PHILLIP ZAWACKI, by and through his attorneys,

MIROBALLI, DURKIN & RUDIN, LLC, and complaining of the Defendant, STAPLETON

CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO., a Corporation, states as

follows:

### COUNT I
#### (Negligence against STAPLETON CORPORATION)

1.      That up until the year 1989, and for a long time prior thereto, the Defendant,

STAPLETON CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO. (hereinafter

"STAPLETON"), was a corporation engaged in the business of designing, manufacturing, and

selling wood folding ladders.

2.      That some time during or prior to the year 1989, the Defendant, STAPLETON,

designed, manufactured and placed in the stream of commerce a certain wood folding ladder that



was purchased from said Defendant by THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY, to be used by its agents, servants, and/or employees, in the City of Chicago, County of Cook, State of Illinois.

3.     That during or about the year 1979, and for a period of eight (8) years thereafter, the Plaintiff, PHILLIP ZAWACKI, was employed by THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY as an insurance adjuster, and during the course of his employment, the Plaintiff was provided and came into contact with the aforementioned wood folding ladder that was designed, manufactured and sold by the Defendant, STAPLETON.

4.     That at all relevant times, the Defendant, STAPLETON, owed a duty to exercise reasonable care in the design, manufacturing, inspection, testing and sale of its folding wood ladders, and in the warnings and instructions given concerning their use, so that said folding wood ladders were not unreasonably dangerous when put to use.

5.     That notwithstanding its duty, at the time the Defendant, STAPLETON, designed, manufactured and sold the folding wood ladder, the Defendant was careless and negligent in one or more of the following respects:

(a)     Failed to properly design the folding wood ladder;

(b)     Failed to design the folding wood ladder in accordance with the applicable codes, regulations, and specifications governing such ladders;

(c)     Improperly designed the feet of the ladder in such a way that its user, such as the Plaintiff, is able and likely to climb on the side of the ladder that is not intended to be load-bearing, thereby creating the risk of structural collapse;

(d)     Failed to manufacture the folding wood ladder in accordance with the applicable codes, regulations, and specifications governing such ladders;

2

(e)    Failed to properly manufacture the folding wood ladder in such a way that would prevent a user from setting up the ladder to climb on the side of the ladder that is not intended to be load-bearing, thereby creating the risk of structural collapse;

(f)    Failed to place adequate warnings on the Stapleton wood folding ladders that users, such as the Plaintiff, can only safely climb on one side of the ladder, as only one side of the ladder was constructed and/or is intended to be load-bearing to avoid the risk of structural collapse;

(g)    Failed to make a reasonable inspection of the Stapleton wood folding ladder when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to its users, such as the Plaintiff;

(h)    Failed to discover the defective and/or unsafe condition of the Stapleton wood folding ladders; and/or

(i)    Failed to warn of the defective and/or unsafe condition of the Stapleton wood folding ladders.

6.    That on November 17, 2007, as a direct and proximate result of one or more of the careless and negligent acts and/or omissions and unreasonably dangerous conditions of the Stapleton wood folding ladder, the Plaintiff climbed and was standing on the aforesaid Stapleton folding ladder when the ladder collapsed, causing the Plaintiff, PHILLIP ZAWACKI, to fall a distance of at least two (2) stories, thereby sustaining serious and permanent injuries to his person. The Plaintiff was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of the time as aforementioned. Further, the Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

3

WHEREFORE the Plaintiff, PHILLIP ZAWACKI, demands judgment against the Defendant, STAPLETON CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO., in a dollar amount to satisfy the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT II
### (Loss of Consortium against STAPLETON CORPORATION

NOW COMES the Plaintiff, MEREDITH ZAWACKI, by and through her attorneys, MIROBALLI, DURKIN & RUDIN, LLC, and complaining of the Defendant, STAPLETON CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO., a Corporation, states as follows:

1. – 6.   That the Plaintiff adopts and realleges Paragraphs 1 through 7, inclusive, of COUNT I as Paragraphs 1 through 7, inclusive, of this COUNT II, as if fully restated herein.

7.      That on and for a long time prior to November 17, 2007, up until the present time, the Plaintiff, MEREDITH ZAWACKI was and is now the wife of the Plaintiff, PHILLIP ZAWACKI.

8.      That the Plaintiff, MEREDITH ZAWACKI, suffered and continues to suffer the loss of consortium of her husband, the Plaintiff, PHILLIP ZAWACKI, as a result of the injuries sustained by the Plaintiff, PHILLIP ZAWACKI, on November 17, 2007.

WHEREFORE the Plaintiff, MEREDITH ZAWACKI, demands judgment against the Defendant, STAPLETON CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO., in a dollar amount to satisfy the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

4

## COUNT III
### (Negligence against AETNA)

NOW COMES the Plaintiff, PHILLIP ZAWACKI, by and through his attorneys, MIROBALLI, DURKIN & RUDIN, LLC, and complaining of the Defendant, THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY, a Corporation, states as follows:

1.    That on November 17, 2007, and for a long time prior thereto, the Defendant, THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY (hereinafter "AETNA"), was and currently is a corporation engaged in the insurance business, in the City of Chicago, County of Cook, State of Illinois.

2.    That during or about the year 1979, and for a period of eight (8) years thereafter, the Plaintiff, PHILLIP ZAWACKI, was employed by the Defendant, AETNA, as an insurance adjuster.

3.    That during the aforementioned period of the Plaintiff's employment, the Defendant, AETNA, distributed to the Plaintiff a Stapleton folding wood ladder.

4.    That at all relevant times, the Defendant did not condition the Plaintiff's use of the aforementioned Stapleton folding wood ladder on the Plaintiff's employment, nor was the Plaintiff instructed only to use said Stapleton folding wood ladder during the course of his employment.

5.    That at all relevant times, the Defendant, AETNA, owed a duty to exercise reasonable care in the inspection, maintenance, and distribution of the aforementioned Stapleton

folding wood ladder, so that said ladder was not unreasonably dangerous when used by employees or former employees of the Defendant, AETNA, such as the Plaintiff.

6.   That notwithstanding its duty, the Defendant, AETNA, by and through its agents, servants, and employees, was then and there guilty of one or more of the following negligent and careless acts and/or omissions:

(a)   Failed to make a reasonable inspection of the Stapleton wood folding ladder when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to its users, such as the Plaintiff;

(b)   Improperly maintained the Stapleton wood folding ladder prior to distributing said ladders to its employees, despite the Defendant's duty to keep said Stapleton wood folding ladder in a safe condition;

(c)   Failed to properly maintain, repair, and/or modify the Stapleton wood folding ladder, so that said Stapleton wood folding ladder was in compliance with the applicable codes, regulations, and specifications governing such ladders;

(d)   Improperly distributed the Stapleton wood folding ladder to its employees, despite the fact that said Stapleton wood folding ladder was not in compliance with the applicable codes, regulations, and specifications governing such ladders;

(e)   Failed to place adequate warnings on the Stapleton wood folding ladders that users, such as the Plaintiff, can only safely climb on one side of the ladder, as only one side of the ladder was constructed and/or is intended to be load-bearing to avoid the risk of structural collapse;

(f)   Failed to adequately instruct its employees on the proper use of the Stapleton wood folding ladders prior to distributing said ladders to its employees;

(g)   Failed to discover the defective and/or unsafe condition of the Stapleton wood folding ladders; and/or

(h)   Failed to warn of the defective and/or unsafe condition of the Stapleton wood folding ladders.

6

7.     That on November 17, 2007, as a direct and proximate result of one or more of the careless and negligent acts and/or omissions and unreasonably dangerous conditions of the Stapleton wood folding ladder, which was distributed by the Defendant, AETNA, to the Plaintiff, the Plaintiff climbed and was standing on the aforesaid Stapleton folding ladder when the ladder collapsed, causing the Plaintiff, PHILLIP ZAWACKI, to fall a distance of at least two (2) stories, thereby sustaining serious and permanent injuries to his person. The Plaintiff was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of the time as aforementioned. Further, the Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE the Plaintiff, PHILLIP ZAWACKI, demands judgment against the Defendant, THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY, a Corporation, in a dollar amount to satisfy the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

**COUNT III**
**(Loss of Consortium against AETNA)**

NOW COMES the Plaintiff, MEREDITH ZAWACKI, by and through her attorneys, MIROBALLI, DURKIN & RUDIN, LLC, and complaining of the Defendant, THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY, a Corporation, states as follows:

1. – 6. That the Plaintiff adopts and realleges Paragraphs 1 through 7, inclusive, of COUNT I as Paragraphs 1 through 7, inclusive, of this COUNT II, as if fully restated herein.

7

7.    That on and for a long time prior to November 17, 2007, up until the present time, the Plaintiff, MEREDITH ZAWACKI was and is now the wife of the Plaintiff, PHILLIP ZAWACKI.

8.    That the Plaintiff, MEREDITH ZAWACKI, suffered and continues to suffer the loss of consortium of her husband, the Plaintiff, PHILLIP ZAWACKI, as a result of the injuries sustained by the Plaintiff, PHILLIP ZAWACKI, on November 17, 2007.

WHEREFORE the Plaintiff, MEREDITH ZAWACKI, demands judgment against the Defendant, THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY, in a dollar amount to satisfy the jurisdictional limits of this Court, and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

Respectfully submitted,

MIROBALLI, DURKIN & RUDIN, LLC

By:  _____
One of the attorneys for Plaintiffs

Attorney Firm No.: 41994
Scott H. Rudin, Esq.
Joseph J. Miroballi, Esq.
Lauren Levin, Esq.
MIROBALLI, DURKIN & RUDIN, LLC
6 West Hubbard Street, Suite 300
Chicago, Illinois 60610
(312) 229-5555 - Telephone
(312) 229-5556 - Facsimile