## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| **PHILLIP ZAWACKI and** | ) | |
| **MEREDITH ZAWACKI,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No.  08 cv 2774** |
| | ) | |
| **STAPLETON CORPORATION f/d/b/a** | ) | **Honorable James B. Zagel** |
| **STAPLETON FOLDING LADDER CO.,** | ) | **Magistrate Judge Nan R. Nolan** |
| **a corporation; ING INSURANCE** | ) | |
| **SERVICES, INC. f/d/b/a AETNA** | ) | |
| **INSURANCE AGENCY, INC.,** | ) | |
| **a corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### DEFENDANT REL-STAPLETON CORPORATION, INC.'S ANSWER AND
### AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

The defendant, REL-Stapleton Corporation f/k/a Stapleton Corporation, answers the

plaintiffs' first amended complaint at law as follows:

### Count I
### (Negligence against STAPLETON CORPORATION)

1.    That up until the year 1989, and for a long time prior thereto, the Defendant,
STAPLETON CORPORATION f/d/b/a STAPLETON FOLDING LADDER CO. (hereinafter
"STAPLETON"), was a corporation engaged in the business of designing, manufacturing, and
selling wood folding ladders.

**ANSWER:**  Defendant admits that it was an Arkansas corporation prior to 1989, in the
business of designing, manufacturing, and selling wooden folding ladders.

2.    That some time during or prior to the year 1989, the Defendant, STAPLETON,
designed, manufactured and placed in the stream of commerce a certain wood folding ladder that
was purchased from said Defendant by THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a
AETNA LIFE AND CASUALTY, to be used by its agents, servants, and/or employees, in the
City of Chicago, County of Cook, State of Illinois.

**ANSWER:**    This defendant lacks knowledge sufficient to admit or deny paragraph 2, and therefore demands strict proof thereof.

3.    That during or about the year 1979, and for a period of eight (8) years thereafter, the Plaintiff, PHILLIP ZAWACKI, was employed by THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY as an insurance adjuster, and during the course of his employment, the Plaintiff was provided and came into contact with the aforementioned wood folding ladder that was designed, manufactured and sold by the Defendant, STAPLETON.

**ANSWER:**    This defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 3, and therefore demands strict proof thereof.

4.    That at all relevant times, the Defendant, STAPLETON, owed a duty to exercise reasonable care in the design, manufacturing, inspection, testing and sale of its folding wood ladders, and in the warnings and instructions given concerning their use, so that said folding wood ladders were not unreasonably dangerous when put to use.

**ANSWER:**    Defendant denies that paragraph 4 accurately describes the duty owed and admits only to such duties as are imposed by law.

5.    That notwithstanding its duty, at the time the Defendant, STAPLETON, designed, manufactured and sold the folding wood ladder, the Defendant was careless and negligent in one or more of the following respects:

(a)    Failed to properly design the folding wood ladder;

(b)    Failed to design the folding wood ladder in accordance with the applicable codes, regulations, and specifications governing such ladders;

(c)    Improperly designed the feet of the ladder in such a way that its user, such as the Plaintiff, is able and likely to climb on the side of the ladder that is not intended to be load-bearing, thereby creating the risk of structural collapse;

(d)    Failed to manufacture the folding wood ladder in accordance with the applicable codes, regulations, and specifications governing such ladders;

(e)    Failed to properly manufacture the folding wood ladder in such a way that would prevent a user from setting up the ladder to climb on the side of the ladder that is not intended to be load-bearing, thereby creating the risk of structural collapse;

2

(f)     Failed to place adequate warnings on the Stapleton wood folding ladders that users, such as the Plaintiff, can only safely climb on one side of the ladder, as only one side of the ladder was constructed and/or is intended to be load-bearing to avoid the risk of structural collapse;

(g)     Failed to make a reasonable inspection of the Stapleton wood folding ladder when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to its users, such as the Plaintiff;

(h)     Failed to discover the defective and/or unsafe condition of the Stapleton wood folding ladders; and/or

(i)     Failed to warn of the defective and/or unsafe condition of the Stapleton wood folding ladders.

**ANSWER:**    This defendant denies paragraph 5, including subparts (a) through (i), inclusive.

6.     That on November 17, 2007, as a direct and proximate result of one or more of the careless and negligent acts and/or omissions and unreasonably dangerous conditions of the Stapleton wood folding ladder, the Plaintiff climbed and was standing on the aforesaid Stapleton folding ladder when the ladder collapsed, causing the Plaintiff, PHILLIP ZAWACKI, to fall a distance of at least two (2) stories, thereby sustaining serious and permanent injuries to his person. The Plaintiff was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of the time as aforementioned. Further, the Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER:** Denied.

WHEREFORE, Defendant denies that plaintiffs are entitled to judgment in any sum whatsoever and prays for judgment against said plaintiffs plus costs of this action. This defendant demands trial by jury.

3

## FIRST AFFIRMATIVE DEFENSE

Although this count sounds in negligence and is captioned "Negligence," plaintiffs use the term "unreasonably dangerous" in paragraph 4. If this is intended to assert a cause of action in strict tort liability, defendant affirmatively asserts that any such action is barred by 735 ILCS 5/13-213, entitled statute of repose.

## SECOND AFFIRMATIVE DEFENSE

As and for its second affirmative defense, REL-Stapleton Corporation states as follows:

1.     The plaintiff, Phillip Zawacki, owed a duty to exercise reasonable care for his safety and for the safety of others.

2.     In using the ladder at issue, the plaintiff was negligent and breached said duty in that he:

   a.   Failed to properly balance himself while using the ladder;
   b.   Improperly set up the ladder;
   c.   Negligently allowed his center of gravity to go beyond the outside of the side rail of the ladder and lost his balance;
   d.   Failed to properly secure the ladder; and
   e.   Was otherwise negligent.

3.     One or more the above negligent acts were the proximate cause of the plaintiffs' injuries.

WHEREFORE, the defendant denies any liability whatsoever; however, if the plaintiffs receive a verdict by trial, the plaintiffs' recovery must be reduced by their proportionate share of comparative fault, or barred altogether, due the plaintiff's negligence proximately causing the plaintiffs' injuries.

## Count II
### (Loss of Consortium against STAPLETON CORPORATION)

1.-6.    That the Plaintiff adopts and realleges Paragraphs 1 through 7, inclusive, of COUNT I as Paragraphs 1 through 7, inclusive, of this COUNT II, as if fully restated herein.

**ANSWER:**   This defendant adopts and incorporates paragraphs 1 through 6, inclusive, of its answer to Count I as and for paragraphs 1 through 6 of its answer to Count II as though fully set forth herein.

7.    That on and for a long time prior to November 17, 2007, up until the present time, the Plaintiff, MEREDITH ZAWACKI was and is now the wife of the Plaintiff, PHILLIP ZAWACKI.

**ANSWER:**   This defendant lacks knowledge sufficient to admit or deny paragraph 7, and therefore demands strict proof thereof.

8.    That the Plaintiff, MEREDITH ZAWACKI, suffered and continues to suffer the loss of consortium of her husband, the Plaintiff, PHILLIP ZAWACKI, as a result of the injuries sustained by the Plaintiff, PHILLIP ZAWACKI, on November 17, 2007.

**ANSWER:**  Denied.

WHEREFORE, Defendant denies that plaintiffs are entitled to judgment in any sum whatsoever and prays for judgment against said plaintiffs plus costs of this action. This defendant demands trial by jury.

### THIRD AFFIRMATIVE DEFENSE

Although this count sounds in negligence and is captioned "Negligence," plaintiffs use the term "unreasonably dangerous" in paragraph 4. If this is intended to assert a cause of action in strict tort liability, defendant affirmatively asserts that any such action is barred by 735 ILCS 5/13-213, entitled statute of repose.

5

## FOURTH AFFIRMATIVE DEFENSE

As and for its fourth affirmative defense, REL-Stapleton Corporation states as follows:

4.      The plaintiff, Phillip Zawacki, owed a duty to exercise reasonable care for his safety and for the safety of others.

5.      In using the ladder at issue, the plaintiff was negligent and breached said duty in that he:

        a.   Failed to properly balance himself while using the ladder;

        b.   Improperly set up the ladder;

        c.   Negligently allowed his center of gravity to go beyond the outside of the side rail of the ladder and lost his balance;

        d.   Failed to properly secure the ladder; and

        e.   Was otherwise negligent.

6.      One or more the above negligent acts were the proximate cause of the plaintiffs' injuries.

WHEREFORE, the defendant denies any liability whatsoever; however, if the plaintiffs receive a verdict by trial, the plaintiffs' recovery must be reduced by their proportionate share of comparative fault, or barred altogether, due the plaintiff's negligence proximately causing the plaintiffs' injuries.

## Count III
## (Negligence against AETNA)

This defendant makes no answer to Count III as said count is not directed against it. To the extent an answer is required, this defendant denies the same.

**Count IV [sic]**
**(Loss of Consortium against AETNA)**

This defendant makes no answer to Count IV as said count is not directed against it.  To the extent an answer is required, this defendant denies the same.

Respectfully submitted,

Swanson, Martin & Bell, LLP

By:____*/s/ Joseph P. Switzer*_____
One of the attorneys for Defendant
REL-Stapleton Corporation, Inc.
f/k/a Stapleton Corporation

Joseph P. Switzer, subject to penalties of perjury, deposes and says that he is a partner in the firm appearing on behalf of the defendant herein and says that the allegations of want of knowledge are true.

_____*/s/ Joseph P. Switzer*_____

Joseph P. Switzer, Esq.
Louis J. Phillips, Esq.
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois  60611
(312) 321-9100
(312) 321-0990 – Fax