GFF/MMS/blj                          7362-8002                          DOC#1919960

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PHILLIP ZAWACKI and MEREDITH ZAWACKI, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> STAPLETON CORPORATION f/d/b/a ) <br> STAPLETON FOLDING LADDER CO., and ) <br> TRAVELERS INSURANCE GROUP, INC. f/d/b/a ) <br> AETNA INSURANCE AGENCY, INC., a Corporation, ) <br> ) <br> Defendants. ) | No.: 08 CV 2774 <br><br> Judge James B. Zagel <br> Magistrate Judge Nan R. Nolan |

### TRAVELERS PROPERTY & CASUALTY CORP.'S
### ANSWER AND AFFIRMATIVE DEFENSE
### TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

NOW COMES the defendant, **TRAVELERS PROPERTY & CASUALTY CORP. f/k/a TRAVELERS INSURANCE GROUP, INC.**, by its attorneys, **JOHNSON & BELL, LTD.**, and for its answer and affirmative defenses to plaintiff's first amended complaint at law, states as follows:

### COUNT I
(Negligence against STAPLETON CORPORATION)

The allegations contained within count I of the plaintiff's first amended complaint are not directed to this defendant and, therefore, this defendant makes no response thereto.

### COUNT II
(Loss of Consortium against STAPLETON CORPORATION)

The allegations contained within count II of the plaintiff's first amended complaint are not directed to this defendant and, therefore, this defendant makes no response thereto.

### COUNT III
(Negligence against AETNA)

1.      That on November 17, 2007, and for a long time prior thereto, the Defendant, THE TRAVELERS INSURANCE GROUP, INC. f/d/b/a AETNA LIFE AND CASUALTY

DOC#1919960

(hereinafter "AETNA"), was and currently is a corporation engaged in the insurance business, in the City of Chicago, County of Cook, State of Illinois.

> **ANSWER:** Travelers Property & Casualty Corp. f/k/a Travelers Insurance Group, Inc. admits that it is a corporation engaged in the insurance business in the City of Chicago, County of Cook, State of Illinois.

2. That during or about the year 1979, and for a period of eight(8) years thereafter, the Plaintiff, PHILLIP ZAWACKI, was employed by the Defendant, AETNA, as an insurance adjuster.

> **ANSWER:** This defendant states that, upon information and belief, the plaintiff, PHILLIP ZAWACKI, may have been an employee of Aetna Life and Casualty Company during the time period alleged. This defendant denies that plaintiff was ever an employee of Travelers Property & Casualty Corp. f/k/a Travelers Insurance Group, Inc.

3. That during the aforementioned period of the Plaintiff's employment, the Defendant, AETNA, distributed to the Plaintiff a Stapleton folding wood ladder.

> **ANSWER:** This defendant lacks information sufficient to form a belief about the truth of the allegations contained in count III, paragraph 3 and therefore denies same.

4. That at all relevant times, the Defendant, AETNA, did not condition the Plaintiff's use of the aforementioned Stapleton folding wood ladder on the Plaintiff's employment, nor was the Plaintiff instructed only to use said Stapleton folding wood ladder during the course of his employment.

> **ANSWER:** This defendant lacks information sufficient to form a belief about the truth of the allegations contained in count III, paragraph 4 and therefore denies same.

5. That at all relevant times, the Defendant, AETNA, owed a duty to exercise reasonable care in the inspection, maintenance, and distribution of the aforementioned Stapleton folding wood ladder, so that said ladder was not unreasonably dangerous when used by employees or former employees of the Defendant, AETNA, such as the Plaintiff.

> **ANSWER:** This defendant admits all duties imposed by law but denies any breach thereof and further denies that count III, paragraph 5 correctly states those duties.

6. That notwithstanding its duty, the Defendant, AETNA, by and through its agents, servants, and employees, was then and there guilty of one or more of the following negligent and careless acts and/or omissions:

(a) Failed to make a reasonable inspection of the Stapleton wood folding ladder when the Defendant knew, or in the exercise of ordinary care should have known, that said inspection was necessary to prevent injury to its users, such as the Plaintiff;

(b) Improperly maintained the Stapleton wood folding ladder prior to distributing said ladders to its employees, despite the Defendant's duty to keep said Stapleton wood folding ladder in a safe condition;

(c) Failed to properly maintain, repair, and/or modify the Stapleton wood folding ladder, so that said Stapleton wood folding ladder was in compliance with the applicable codes, regulations, and specifications governing such ladders;

(d) Improperly distributed the Stapleton wood folding ladder to its employees, despite the fact that said Stapleton wood folding ladder was not in compliance with the applicable codes, regulations and specifications governing such ladders;

(e) Failed to place adequate warnings on the Stapleton wood folding ladders that users, such as the Plaintiff, can only safely climb on the one side of the ladder, as only one side of the ladder was constructed and/or is intended to be load-bearing to avoid the risk of structural collapse;

(f) Failed to adequately instruct its employees on the proper use of the Stapleton wood folding ladders prior to distributing said ladders to its employees;

(g) Failed to discover the defective and/or unsafe condition of the Stapleton wood folding ladders; and/or

(h) Failed to warn of the defective and/or unsafe condition of the Stapleton wood folding ladders.

**ANSWER:** This defendant denies the allegations contained in count III, paragraph 6, (a) through (h) inclusive.

7. That on November 17, 2007, as a direct and proximate result of one or more of the careless and negligent acts and/or omissions and unreasonably dangerous conditions of the Stapleton wood folding ladder, which was distributed by the Defendant, AETNA, to the Plaintiff, the Plaintiff climbed and was standing on the aforesaid Stapleton folding ladder when the ladder collapsed, causing the Plaintiff, PHILLIP ZAWACKI, to fall a distance of at least two (2)

stories, thereby sustaining serious and permanent injuries to his person. The Plaintiff was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of the time as aforementioned. Further, the Plaintiff suffered great pain and anguish, both in mind and body, and will in the future, continue to suffer. The Plaintiff further expended and became liable for, and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

**ANSWER:** This defendant denies the allegations contained in count III, paragraph 7.

WHEREFORE, defendant, **TRAVELERS PROPERTY & CASUALTY CORP., f/k/a TRAVELERS INSURANCE GROUP, INC.**, denies that plaintiff is entitled to a sum in excess of the jurisdictional amount, or any sum whatsoever, and prays that judgment against this defendant be denied.

### COUNT IV (incorrectly labeled Count III)
### (Loss of Consortium against AETNA)

1. – 6.   That the Plaintiff adopts and realleges Paragraph 1 through 7(sic), inclusive, of COUNT I (sic) as Paragraphs 1 through 7(sic), inclusive, of this COUNT II (sic), as if fully restated herein.

**ANSWER:** This defendant adopts and realleages its answers to paragraphs 1 through 6 of count III (incorrectly described as count I) as if fully restated herein.

7.   That on and for a long time prior to November 17, 2007, up until the present time, the Plaintiff, MEREDITH ZAWACKI was and is now the wife of the Plaintiff, PHILLIP ZAWACKI.

**ANSWER:** This defendant lacks information sufficient to form a belief about the truth of the allegations contained in count IV, paragraph 7 and therefore denies same.

8.   That the Plaintiff, MEREDITH ZAWACKI, suffered and continues to suffer the loss of consortium of her husband, the Plaintiff, PHILLIP ZAWACKI, as a result of the injuries sustained by the Plaintiff, PHILLIP ZAWACKI, on November 17, 2007.

**ANSWER:** This defendant lacks information sufficient to form a belief about the truth of the allegations contained in count IV, paragraph 8 and therefore denies same.

WHEREFORE, defendant, **TRAVELERS PROPERTY & CASUALTY CORP., f/k/a TRAVELERS INSURANCE GROUP, INC.**, denies that plaintiff is entitled to a sum in excess of the jurisdictional amount, or any sum whatsoever, and prays that judgment against this defendant be denied.

## AFFIRMATIVE DEFENSE

NOW COMES the defendant, **TRAVELERS PROPERTY & CASUALTY CORP., f/k/a TRAVELERS INSURANCE GROUP, INC.**, by its attorneys, JOHNSON & BELL, LTD., and pleading in the alternative, and without prejudice to its denials asserted in its answer to plaintiff's first amended complaint, asserts, in the alternative, its first affirmative defense as follows:

1. That at the time and place of the occurrence complained of, and prior thereto, plaintiff, PHILLIP ZAWACKI, had a duty to exercise reasonable care and caution for his own safety and well-being.

2. Notwithstanding the existence of this duty, and in breach thereof, plaintiff, PHILLIP ZAWACKI, was negligent, and caused, in whole or in part, his damages in one or more of the following ways:

   a. Negligently failed to properly inspect the subject wooden ladder before using it;

   b. Negligently failed to properly set up the subject wooden ladder before using it;

   c. Negligently failed to properly maintain the subject wooden ladder prior;

   d. Negligently misused the subject wooden ladder in a manner inconsistent with the warnings and instructions provided by the manufacturer.

3. As a direct and proximate result of one or more of the foregoing negligent acts or omissions, plaintiff, PHILLIP ZAWACKI, allegedly sustained damages for which he seeks relief in his first amended complaint.

4. Plaintiff's contributory negligence exceeded fifty percent (50%) of the proximate cause of plaintiff's alleged damages, thereby barring plaintiff's recovery in this matter pursuant to 735 ILCS 5/2-1116 of the Illinois Code of Civil Procedure.

5. In the alternative, in the event that the trier of fact determines that plaintiff's contributory negligence constituted fifty percent (50%) or less of the proximate cause of plaintiff's alleged damages, then any judgment must be reduced by the percentage of plaintiff's contributory negligence as determined by the trier of fact.

**WHEREFORE**, defendant, **TRAVELERS PROPERTY & CASUALTY CORP., f/k/a TRAVELERS INSURANCE GROUP, INC.**, prays that in the event that the trier of fact determines that the plaintiff's contributory negligence exceeded fifty percent (50%) of the proximate cause of plaintiff's alleged damages, then plaintiff's recovery must be barred. In the alternative, in the event that the trier of fact determines that the plaintiff's contributory negligence constituted fifty percent (50%) or less of the proximate cause of plaintiff's damages, then any judgment which may be rendered in favor of the plaintiff and against this defendant must be reduced by the percentage of plaintiff's contributory negligence as determined by the trier of fact.

Respectfully submitted,

/s/Glenn F. Fencl
Glenn F. Fencl, Esq.
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
ARDC No.: 3126086

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                          /s/Glenn F. Fencl
                                          Glenn F. Fencl
                                          Meghan M. Sciortino
                                          JOHNSON & BELL, LTD.
                                          33 West Monroe Street
                                          Suite 2700
                                          Chicago, Illinois 60603
                                          (312) 372-0770
                                          ARDC No.  3126086
                                          ARDC No.  6287341