**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PHILIP ZAWACKI, et al., <br><br> Plaintiff, <br><br> v. <br><br> STAPLETON CORPORATON, et al., <br><br> Defendant. | No. 08 CV 2774 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Travelers Insurance Group, Inc. ("Travelers") and Aetna Services, Inc.'s ("Aetna") motion for summary judgment on Counts III and IV of Plaintiffs' Second Amended Complaint. For the following reasons, Defendants' motion is granted.

## I. BACKGROUND

On December 1, 2008, Plaintiffs Philip and Meredith Zawacki, husband and wife, filed a Second Amended Complaint for negligence and loss of consortium against Travelers Insurance Group, Inc. ("Travelers"), Aetna Services, Inc. ("Aetna") and Stapleton Corporation. The claims arise from injuries Mr. Zawacki suffered after falling from a Stapleton ladder at his home on November 17, 2007. The ladder in question is a 13-foot wooden folding ladder commonly used by insurance adjustors who have to access roofs for damage inspections. The Stapleton ladder has three sections and two sets of hinges. The hinges' design makes it safe to use only one side of the ladder; putting weight on the wrong side strains the pin and hook mechanism that keeps the hinges locked and can cause the ladder to collapse.

Defendant Aetna purchased Plaintiffs' ladder directly from Defendant Stapleton and furnished it to Mr. Zawacki sometime around 1979 when he was working as an insurance claims

adjustor for the Defendant.  Defendant distributed four other Stapleton ladders to Plaintiffs' colleagues at the same time.  Plaintiffs allege that Defendant Stapleton was negligent in failing to include adequate warning labels on the ladder to alert the user that only one side was safe to climb.  Specifically, Plaintiffs assert that conspicuous "Wrong Side" labels–which typically appear on Stapleton ladders–were not applied to Plaintiffs' ladder.   Plaintiffs' ladder did include a "Use This Edge Up" label on the side that was safe to climb.

Plaintiffs also allege that Defendant Aetna, after purchasing the ladder from Stapleton, was negligent in failing to inspect the ladder, detect the inadequate warning, and train the Plaintiff in its proper use.  Plaintiffs seek to hold Defendant Travelers liable as a successor corporation to Aetna.

Plaintiff left Aetna in 1985 but he kept the Stapleton ladder.  For the next 22 years he used the ladder roughly 100 times for general maintenance work around his home.  From the time he acquired the ladder in 1979 up until his injury in 2007, Plaintiff did not understand that the side with the "Use This Edge Up" label was the only safe side on which to climb.  Rather, he believed both sides were safe, and he estimates that he climbed the wrong side of the ladder roughly half the times used it.  There is evidence to suggest that Plaintiff was climbing down the wrong side of the ladder on November 17, 2007, when it allegedly gave out and he fell two stories, landing on his deck.  Plaintiff was severely injured from the fall, losing all use of his body from the waist down.  Plaintiffs' injuries have caused considerable suffering and hardship for himself and his family.

Defendants Aetna and Travelers argue that they are entitled to judgment as a matter of law because they owed Plaintiff no duty to inspect his ladder, nor to train the Plaintiff on how to

2

safely use it. Because I agree with the Defendants that, as a matter of law, Aetna did not act negligently in failing to inspect Plaintiffs' ladder or train him in its use, I do not reach the other main issues raised in Defendants' motion, namely proximate causation and whether Travelers can properly be held in successor liability to Aetna.

## II. STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The facts presented are to be construed in a light most favorable to the nonmoving party. *Smith v. City of Chicago*, 242 F.3d 737, 742 (7th Cir.2001). Once the moving party has set forth the basis for summary judgment, the burden then shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts in order to establish a genuine issue of material fact." *Payne v. Pauley*, 337 F.3d 767, 773 (7th Cir.2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## III.    ANALYSIS

Employers owe their employees a general duty of care to prevent work-related injury. *Crawford v. Brockhouse*, 169 N.E.2d 117 (3d Dist. 1960). This duty does not require employers to take greater care of an employee than the employee takes care of him- or herself. *Owsianny v. Saline County Coal Co.*, 183 Ill. App. 518 (4th Dist. 1913). Nor does it require an employer to

3

inspect , supervise, or train an employee in the use of a simple tool that the employer could reasonably assume the employee knows how to use. *See Herricks v. Chicago & E.I.R. Co.*, 100 N.E. 897 (1913). One reason for this is that if a simple tool is defective, the employee has "as good an opportunity to know of [the defect]" as the employer. *Id*. at 898. Ladders are simple tools. *Long v. The City of New Boston*, 420 N.E.2d 282, 284 (3rd Dist. 1981).

An exception to the simple tool principle arises when there is not "equality of knowledge" between employer and employee. *Herricks*, 100 N.E. at 899. If, for example, the employer itself manufactured the simple tool or had any other special reason to know of any latent or patent defects, the employer may have a duty to inspect or otherwise warn an employee of potential dangers associated with the tool. *Id*.

In this case, neither party lists any facts in their Rule 56.1 Statements suggesting that there is anything unique about the Stapleton wooden folding ladder such that it should not be treated as a simple tool. Therefore, the only remaining issue is whether there is evidence in the record to suggest that Defendants had unequal knowledge about the alleged defect of the ladder–i.e. the lack of the "WRONG SIDE" label–such that a duty to inspect, warn, or train Plaintiff in its proper use arose.[1] The record is devoid of such evidence. It is undisputed that Aetna did not receive any instructions from Stapleton concerning the proper use of the ladder, much less a warning that the ladder was unfit for use without a "Wrong Side" label. Further, there is nothing in the record to suggest that the other four Stapleton ladders that Aetna distributed to Plaintiffs' colleagues bore the "Wrong Side" label, such that an inspection would have revealed the deficiency of Plaintiffs' ladder. Without any facts to suggest Defendant Aetna had unequal

---

[1]This is assuming that the lack of the "WRONG SIDE" label rendered the ladder unreasonably dangerous.

knowledge of the ladder's dangerous condition, no reasonable jury could find that it acted negligently by failing to inspect or train Plaintiff in the use of the ladder.

Determining whether a duty of care exists is not an exact science. Generally, it boils down to the question of which party, ex ante, was in the best position to prevent the harm. Plaintiffs' argument is essentially that Defendants could have easily prevented the harm by inspecting the ladder or properly training Plaintiff. However plausible as this may seem in hindsight, it is not enough to create an elevated duty of care beyond the general duty owed by employers. I am persuaded by Defendants' argument that Plaintiff, after 28 years of using the ladder, was in the best position to detect any dangers that a lack of warning may have created. Indeed, there is evidence in the record that anyone climbing the wrong side of the ladder should have immediately detected that he or she was using it incorrectly because the ladder "would not have a structurally sound feel to it." (Exhibit I, p. 64). It is deeply regretful that Plaintiff did not make this discovery before his accident, but Defendants cannot reasonably be held responsible for this.

## V. CONCLUSION

For the foregoing reasons, I grant Defendants' Aetna and Travellers motion for summary judgment as to Counts III and IV.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: September 14, 2011